United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20220

CHANDRASHEKHAR B. THANEDAR,

Plaintiff-Appellant,

versus

TIME WARNER COMMUNICATIONS OF HOUSTON, LLP, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
Case No. 4:04-CV-4188

_____

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit
Judges.

PER CURIAM:[*]

Chandrashekhar B. Thanedar appeals the dismissal with
prejudice of this action brought against Time Warner Communications
of Houston, LLP, and seventeen other corporate entities, under
Title VII of the 1964 Civil Rights Act and 41 U.S.C. § 1981.
Having considered the briefs and pertinent parts of the record, we
conclude that the district court did not abuse its discretion by
ordering dismissal in response to Thanedar's failure to comply with
discovery orders, see FED. R. CIV. P. 37(d), and failure to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecute his lawsuit. <u>See</u> FED. R. CIV. P. 41(b). In light of Thanedar's serially contumacious conduct, we likewise find no abuse of discretion in the district court's denial of Appellant's motions for continuance. Finally, Thanedar's due-process claim that <u>Mathews v. Eldridge</u>, 424 U.S. 319, 96 S. Ct. 893 (1976), entitled him to a pre-dismissal hearing is frivolous. <u>Mathews</u> requires the articulation of due process standards; a federal court's procedures, specified in the Federal Rules, are clearly ascertainable. When, as here, a party is shown to have been "deliberately proceeding in a dilatory fashion," a district court may dismiss a case "without affording notice of its intention to do so or providing an adversary hearing before acting." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962); <u>Price v. McGlathery</u>, 792 F.2d 472, 475-76 (5th Cir. 1986).

**AFFIRMED.**