# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA, ex rel. JOHNNY RAY (J.R.) LONG,

Plaintiff - Appellant

v.

GSDMIDEA CITY, L.L.C., a Delaware Limited Liability Company,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Johnny Ray Long appeals the district court's award of costs to GSD&M Idea City, LLC ("GSD&M").[1] The district court dismissed Long's underlying *qui tam* False Claims Act ("FCA") case against GSD&M with prejudice based on judicial estoppel for Long's failure to disclose his FCA claims in his bankruptcy case. For the reasons that follow, we MODIFY the award of costs

---

[1] GSD&M refers to itself as "GSD&M Idea City, LLC," but is listed in the CM/ECF caption as GSDMIdea City, L.L.C." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.* (*Long I*), 798 F.3d 265, 269 n.1 (5th Cir. 2015). We refer to the Appellee as "GSD&M," the name it uses for itself and which this court found was used by the Delaware Department of State. We will leave the case caption as it is for administrative reasons.

No. 14-11049

by subtracting $7768.89 of the costs and AFFIRM as MODIFIED in all other respects.

I.

Long sued GSD&M under the FCA, 31 U.S.C. §§ 3729–3732. When he filed these FCA claims, Long was a debtor in a Chapter 13 bankruptcy case; yet, he failed to reveal his interest in the FCA suit to the bankruptcy court or trustee. When the district court learned of Long's failure to disclose, it granted GSD&M's motion to dismiss Long's FCA case, reasoning that Long was judicially estopped from asserting a claim that he had failed to assert in his bankruptcy proceedings. Long appealed that judgment, and a different panel of this court affirmed the dismissal of his case. *See U.S. ex rel. Long v. GSDMIdea City, L.L.C. (Long I)*, 798 F.3d 265, 269 (5th Cir. 2015).

After the district court granted GSD&M's motion to dismiss, GSD&M filed a bill of costs seeking $214,306.23 in reimbursement for expenses related to transcripts, videography, exemplification and copying, printing, and witness fees. The district court found that GSD&M was the prevailing party under Federal Rule of Civil Procedure 54(d) and rejected Long's various arguments for why he should not be assessed costs. The court awarded GSD&M its claimed costs after concluding that the costs were "necessarily incurred for use in the case" and fell within those enumerated costs that may be awarded under 28 U.S.C. § 1920. Long timely appealed.

II.

We now consider Long's arguments that GSD&M was not a prevailing party as required by Federal Rule of Civil Procedure 54(b), that the district court abused its discretion in awarding costs, and that certain costs awarded by the district court are not authorized by 28 U.S.C. § 1920.

*A. Prevailing Party*

2

No. 14-11049

Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule creates "a strong presumption" in favor of awarding costs to a prevailing party, and "a district court may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). Long does not challenge whether we may award GSD&M its costs for this FCA suit under Rule 54(d), only whether GSD&M is a prevailing party in this litigation. While we review an award of costs for a clear abuse of discretion, *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006), we review the "prevailing party" determination de novo, *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422–23 (5th Cir. 2009).

In *Schwarz v. Folloder*, this court established that "a dismissal with prejudice is tantamount to a judgment on the merits" and renders a defendant the prevailing party for the purpose of allocating costs. 767 F.2d at 130; *see also Pacheco*, 448 F.3d at 794 n.19.[2] Therefore, we affirm the district court's holding that GSD&M is the prevailing party. *Cf. Long I*, 798 F.3d at 269 (affirming the dismissal of Long's case).

*B. Factors*

*1. Good Faith and Bad Faith*

---

[2] Long argues that the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources* abrogates this precedent. 532 U.S. 598 (2001). *Buckhannon* addressed the question of whether a *plaintiff* who is the catalyst for change can be a prevailing party even if he does not obtain a judgment in his favor; the court rejected the "catalyst theory" for plaintiffs to be prevailing parties. 532 U.S. at 601, 605. (That holding as to the specific statute in question was later abrogated when Congress amended the statute to encompass the catalyst theory. 5 U.S.C. § 552(a)(4)(E)). The Court did not address the longstanding principle that "a dismissal with prejudice is tantamount to a judgment on the merits," *Schwarz*, 767 F.2d at 130, entitling a defendant to an award of costs.

No. 14-11049

Long asserts that the district court should have denied GSD&M costs because GSD&M purportedly acted in bad faith by waiting until just before trial to notify the district court about Long's bankruptcy and failure to disclose his FCA claim, thus incurring litigation costs for longer than necessary. Long also argues that his good faith in failing to disclose the FCA claim, his indigence, and the closeness and difficulty of the issues involved weigh in favor of denying the claim for costs.

Even if we assume arguendo that Long acted in good faith, we have held that a losing party's "good faith is alone insufficient to justify the denial of costs to the prevailing party." *Pacheco*, 448 F.3d at 795. Long also complains that GSD&M acted in bad faith by failing to move for judicial estoppel sooner, though it knew of his pending bankruptcy. However, Long does not point to any evidence that GSD&M knew about Long's *failure to disclose* his FCA claims in his bankruptcy, the key fact that led GSD&M to move for judicial estoppel.[3]

### 2. *Other Arguments*

Long also claims that the law was uncertain regarding whether he could be penalized for failure to disclose his FCA claims until after his bankruptcy closed in 2013; this argument ignores prior precedent. *See, e.g.*, *Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012); *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011) (en banc). Finally, we have never held that the "limited resources" of the losing party provide a basis for denying the prevailing party its costs. *See Moore v. CITGO Refining & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013).[4] *Id.*

---

[3] Long also argues that GSD&M acted in bad faith in responding to his arguments about the Chapter 13 bankruptcy trustee. We discern no bad faith from these exchanges.

[4] We also find unconvincing Long's argument that "costs should not be recoverable from a *qui tam* Relator" on public policy grounds. *See generally U.S. ex rel. Ritchie v.*

No. 14-11049

*C. Section 1920's Requirements*

Long also argues that the district court erred in awarding costs that are not included in 28 U.S.C. § 1920 or do not meet its requirements. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) ("[A] district court may decline to award the costs listed in the statute but may not award costs omitted from the list."). In relevant part, § 1920 states: "A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." "The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)).

First, Long's objection to the award of $185,674.89 in exemplification and duplication costs that were incurred by GSD&M during discovery—because he claims that costs incurred "merely for discovery" are not recoverable—fails. *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285-86 (5th Cir. 1991); *Rundus v. City of Dallas*, 634 F.3d 309, 315–16 (5th Cir. 2011) ("[T]he authority of the trial court to assess necessary and reasonable costs incurred during discovery can hardly be doubted." (quoting *Harrington v. Texaco, Inc.*, 339 F.2d 814, 822 (5th Cir. 1964))).

---

*Lockheed Martin Corp.*, 558 F.3d 1161, 1172 (10th Cir. 2009) (rejecting a similar "policy-based rationale" because holding otherwise "would effectively legislate a per se rule preventing prevailing FCA defendants from recovering costs, since [the] policy-based argument would be equally applicable in every FCA case").

No. 14-11049

Second, Long objects that many of the awarded costs either are not included in § 1920 or should be reversed because they are based on items that were not "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2), (4). The district court considered these arguments and found that "reimbursement for hearing transcripts, deposition transcripts, additional recording transcripts, printing costs, witness fees, and fees for exemplification and copies . . . were necessarily incurred for use in the case," and were all "covered by 28 U.S.C. § 1920." Accordingly, the district court awarded GSD&M all of the costs it requested. With a few exceptions, we conclude that the district court did not err.

### 1. Deposition Transcripts and Copies

*Deposition Transcripts and Copies:* A deposition or deposition copy "need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case'" under § 1920; rather, the cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable. *See Fogleman*, 920 F.2d at 285–86. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion, and "[w]e accord the district court great latitude in this determination." *Id.* To the extent that Long objects to these depositions and copies because he thinks they were not necessary for GSD&M's use in the case, we reject this complaint.[5]

*Video Depositions:* Long separately asserts that the district court erred in awarding costs for video depositions because they are not covered by § 1920. That statute has been amended such that we conclude that the cost of taking video depositions may be awarded if shown to be necessary for use in the case

---

[5] As noted below, we reverse the award of costs for several discrete items, but we decline to reverse the entire award as Long requests.

under § 1920(2). *Cf. S & D Trading Acad., LLC v. AAFIS Inc.*, 336 F. App'x 443, 450–52 (5th Cir. 2009) (describing how this court once held that the costs of taking a video deposition were not recoverable under § 1920, but implying that such costs may be chargeable under the language of § 1920 as amended in 2008).[6] As we noted in *S & D Trading*, § 1920(2) used to provide that fees could be awarded "for all or part of the *stenographic transcript* necessarily obtained for use in the case." *Id.* at 450 (emphasis added) (citation omitted); *see also* 28 U.S.C. § 1920 (2006). In 2008, § 1920(2) "was amended to state that a judge may tax as costs '[f]ees for printed or *electronically recorded* transcripts necessarily obtained for use in the case.'" *Id.* at 450–51 (emphasis added) (quoting 28 U.S.C. § 1920(2) (version in effect in 2009)). The phrase "electronically recorded transcripts" includes video transcripts of depositions.

*Video AND written deposition transcripts:* In his reply brief, Long argues that awarding costs for copies of both the video and written transcript of the same deposition is improper. We need not decide this issue[7] because Long inadequately briefed this argument before the district court and this court, focusing his argument on whether the cost of video depositions should be awarded at all. He failed to make the more specific argument or cite any authority on the more specific issue of awarding both types of costs until his reply brief before this court. On such inadequate briefing and argument, we decline to decide the question of whether costs for *both* videography and written transcripts may be awarded for the same deposition under § 1920(2).

---

[6] Although *S & D Trading* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[7] *See, e.g.*, *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465–67 (8th Cir. 2015); *In re Ricoh Co., Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011); *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786–93 (N.D. Tex. 2014); *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010).

No. 14-11049

*See generally* FED. R. APP. P. 28(a)(8); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.2 (5th Cir. 1996).

2.  Copying Costs, Exemplification, and TIFF Formatting

*Copying Costs and Exemplification*:  Long contends that GSD&M should not have been awarded the copying and exemplification costs it claimed because it failed to properly itemize these costs and impermissibly sought reimbursement for electronic discovery expenses not covered by § 1920. GSD&M presented sufficient documentation to justify an award of costs for its copying and exemplification expenses.  GSD&M submitted a sworn declaration by one of its attorneys, Christopher J. Fawal, attesting to the necessity of the claimed costs, along with invoices describing those costs.  The district court found the incurred costs were necessary in the case.  We have held that district courts did not abuse their discretion in analogous situations, and we find no abuse of discretion here.  *See, e.g.*, *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574–75 (5th Cir. 2005); *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003).

*TIFF Conversion:*  We have not determined precisely which costs may be awarded under § 1920 since the 2008 amendments, including what costs of electronic discovery are taxable.  Here, Long objects in broad terms that § 1920 does not cover the costs of production, including character recognition and the conversion of documents to TIFF format from native format.  However, he does not itemize what portions of GSD&M's claims are attributable to purportedly non-recoverable costs.  Before the district court and this court, Long simply objected to awarding *any* discovery-related costs and pointed out that conversion and character recognition costs should not be awarded because he had agreed to production in native format.

Courts have not uniformly addressed which electronic discovery costs are recoverable under the most recent version of § 1920(4), including whether TIFF

conversion and character recognition should be taxable. *See, e.g.*, *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 296–98 (6th Cir. 2015) (affirming a district court's award of the costs attributable to imaging hard drives under § 1920(4)); *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 259–61 (4th Cir. 2013) (affirming the district court's finding that, "in [that] case, only the conversion of native files to TIFF and PDF formats, and the transfer of files onto CDs, constituted 'making copies' under § 1920(4)"); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (holding that "only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved [taxable] 'copying,'" under § 1920(4)); *cf. CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329–30 (Fed. Cir. 2013) (analyzing what costs should be awarded by questioning what type of production was required of a party during electronic discovery). We need not resolve that disagreement today, because we find no abuse of discretion in the district court's award of conversion and character recognition costs. GSD&M attested that these costs were necessarily incurred for discovery responses and use in the case, and GSD&M did not request all of the electronic discovery costs it incurred. In fact, GSD&M provided invoices with descriptions the costs requested and noted which costs it did not request. Viewing this evidence, the district court found § 1920 allowed for the award of these costs and that they were necessarily incurred. Without an itemization by Long of which costs were not permissible and an explanation of why § 1920 does not cover those costs, we find no abuse of discretion in this award.

### 3. Expert Fees and Miscellaneous Expenses

Finally, Long argues that the district court abused its discretion in awarding GSD&M fees for shipping, binding, tabbing, expedition of transcripts, and other extra costs related to witness depositions. Long has

enumerated each of these costs. GSD&M claims it was necessary to obtain expedited transcripts because "Long noticed eight depositions in eight days" during September 2013 and "GSD&M needed the transcripts for preparation." Additionally, GSD&M claims it needed expedited transcripts to file its dispositive motions on time, since the last of Long's depositions took place one month before the deadline. It appears that both sets of depositions took place between ten days and one month before a dispositive motions deadline set by joint scheduling order. However, we have held that a copy of a deposition obtained on an expedited basis "is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman*, 920 F.2d at 286. The character of this litigation does not suggest that GSD&M could not have obtained an extension to file dispositive motions, nor that the timing was particularly crucial.[8] We therefore conclude that the award of costs should be modified to delete the award of this $3463.62 in costs to expedite deposition transcripts.

Long also contests the award of costs for extra services like shipping, binding, and tabbing of depositions. As with the cost of expediting transcripts of depositions, incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920. *See, e.g.*, *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975); *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-00800-WCB, 2015 WL 4776501, at *3–4 (E.D. Tex. Aug. 13, 2015). The Supreme Court has instructed federal courts not to award costs not articulated in § 1920 as taxable, and these types of costs are nowhere

---

[8] GSD&M attempts to rely on *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 903 (5th Cir. 2009), in which this court affirmed an award of expedition costs where the district court gave appellees forty-two days "to obtain a 1270-page transcript, review it, and submit detailed findings of fact." However, in that case, the district court specifically found that the expedited trial transcripts were necessary.

enumerated in the statute.  *See Gagnon*, 607 F.3d at 1045. Accordingly, we conclude that the award of costs must be modified to delete the award of $429 for shipping, tabbing, binding, and other such costs.

Finally, the parties agree that the district court should not have awarded GSD&M $4354.41 in fees for Edward Moore, GSD&M's expert witness, or $323.86 in PACER fees.  Instead, the parties argue GSD&M should simply have been awarded $802 for its expert witness fees, the maximum allowable by statute.  We accordingly MODIFY the district court's award of $4354.41 in expert witness fees, reducing that amount by $3552.41, to $802.00.  We also REVERSE the award of $323.86 in PACER fees altogether.

### III.

We conclude that the district court abused its discretion in awarding excessive costs for expert witness fees and awarding costs for the following: (1) expedited transcripts; (2) shipping, tabbing, and binding costs; and (3) PACER fees.  Altogether, these costs amount to $7768.89.   We therefore MODIFY the award of costs by subtracting $7768.89, resulting in an amended cost award of $206,537.34.   We AFFIRM as MODIFIED the award of costs in all other respects.