**JAVELER MARINE SERVICES LLC, Plaintiff,**

v.

**Villere CROSS and Matthews Marine, Inc. of Mississippi, Defendants.**

**CIVIL ACTION NO. 4:14-0670**

United States District Court, S.D. Texas, Houston Division.

Signed August 4, 2016

Christopher Paul Hanslik, David L. Stockel, Boyar & Miller PC, Houston, TX, for Plaintiff.

Paul William Smith, Sagar Upendra Patel, Ware, Jackson, Lee & Chambers, LLP, Randall M. Foret, Fowler Rodriguez LLP, Houston, TX, Todd G. Crawford, Fowler Rodriguez, New Orleans, LA, for Defendants.

## MEMORANDUM AND ORDER

NANCY F. ATLAS, United States District Judge

This case is before the Court on the revised Bills of Costs filed by Defendants Matthews Marine, Inc. of Mississippi ("Matthews Marine") [Doc. # 76] and Villere Cross ("Cross") [Doc. # 77]. Plaintiff Javeler Marine Services LLC ("Plaintiff" or "Javeler") objects to the costs in its Responses to the respective Bills of Costs [Docs. # 78, # 79]. After carefully considering the parties' briefing, all matters of record, and the applicable legal authorities, the Court **grants** Plaintiff Javeler's objections in part and **awards** Defendants Cross and Matthews Marine certain of the requested costs.

## I. BACKGROUND

Defendants seek reimbursement for fees they incurred for electronic discovery conducted in this case. Plaintiff Javeler commenced this case after discovering certain emails in which Defendant Cross, a former Javeler employee, had shared Javeler's proprietary information with Matthews Marine, who hired Cross when he left Javeler.[1] Javeler asserted various tort and contract claims in this Court against Defendants and sought preliminary injunctive relief and damages.[2] At an expedited conference on April 1, 2014, the parties and the Court agreed that the most urgent concern in the case was preservation of the parties' documents and associated electronically stored information ("ESI").[3] The parties entered into an Agreed Protocol for Review of Forensic Images (the "Protocol") and retained a neutral third-party digital forensics firm, Avansic, Inc. ("Avansic") to perform the forensic copying of questioned devices Defendants possessed, to run agreed keyword searches, and to provide copies of non-privileged ESI to the parties.[4]

Avansic accordingly created accurate forensic images of all the ESI on eight de-

---

1. *See* Memorandum and Order [Doc. # 68], at 3–4.

2. *See* Original Complaint and Application for Injunctive Relief [Doc. # 1].

3. *See* Hearing Minutes and Order [Doc. # 9].

4. Exh. A to Cross Original Bill of Costs, Agreed Protocol for Review of Forensic Images (the "Protocol") [Doc. # 71-2], at 2, ¶ 4

vices produced by Defendants.[5] Avansic searched the data using terms provided by the parties, retrieve potentially responsive documents, and examined the data for evidence of "attempted spoliation or deletion."[6] Avansic also performed file conversion[7] and exported the converted files for use by the parties.[8] Following an initial review by Defendants for privileged documents, Avansic provided the non-privileged responsive documents to Plaintiff Javeler.

The total amount paid to Avansic was $23,747.93.[9] This amount comprises the following charges:

- Creation of forensic images: $4,800;
- Keyword searches in collected data: $9,150;2
- File conversion and exportation: $9,193.75;
- Postage and shipping: $604.18.[10]

In the Protocol, the parties agreed to share equally the costs of Avansic's electronic discovery work, but permitted any party to seek "equitable adjustment of the cost allocations following the completion of the forensic examination."[11] In the original Bills of Costs filed in this case, Defendants

each sought taxation of the entirety of their respective one-third shares of Avansic's fees, approximately $8,000, and Javeler objected.[12] The Court sustained Javeler's objection to the taxation of the costs of the keyword searches and postage, but concluded that the costs of imaging the ESI on Defendants' devices and conversion and exportation of the files might be taxable if adequately explained and shown to be necessary.[13] The record submitted in support of the original Bills of Costs, however, was insufficient to make a final determination regarding these categories.[14] The Court therefore invited Defendants to submit revised Bills of Costs

## II. ANALYSIS

The relevant legal principles are explained in detail in this Court's Memorandum and Order dated March 30, 2016. The original Bills of Costs discussed therein lacked sufficient information for the Court completely to resolve the issues presented. The Court now concludes that the revised Bills of Costs adequately respond to the Court's requests for additional information regarding forensic imaging, but are insufficient regarding other electronic discovery tasks.[15] The Court also concludes that it is

---

5. A forensic image is "[a]n exact copy of an entire physical storage media ..., including all active and residual data and unallocated or slack space on the media." *See* Memorandum and Order [Doc. # 75], at 10 (quoting *The Sedona Guidelines: Best Practice Guidelines & Commentary for Managing Information & Records in the Electronic Age*, at 28 (Lori Ann Wagner et al. eds., 2d ed. 2007)).

6. Protocol [Doc. # 71-2], at 2, ¶ 4.

7. The record is unclear regarding the particular file conversion process employed by Avansic in this case.

8. *See* Affidavit of Gavin W. Manes ("Manes Affidavit") [Doc. # 76-2], at ¶¶ 7–8.

9. *Id.*, at 1, ¶ 3.

10. Manes Affidavit [Doc. # 76-2], at 2, ¶ 5.

11. Protocol [Doc. # 71-2], at 3, ¶ 8.

12. *See* Matthews Marine Original Bill of Costs [Doc. # 70]; Cross Original Bill of Costs [Doc. # 71]; Javeler Responses [Docs. # 72, # 73].

13. Memorandum and Order dated March 30, 2016 [Doc. # 75], at 22–24, 27.

14. *See id.*, at 22, 25.

15. Defendants also originally requested taxation of certain traditional photocopying expenses, for which requests they have not provided additional factual support as required by the Memorandum and Order of March 30, 2016 [Doc. # 75], at 26–27. The request for taxation of traditional photocopying costs are therefore denied.

equitable to adjust the allocation of costs under the Protocol to reflect the amounts to which Defendants are legally entitled as taxable costs.

## A. Taxable Costs

■ Costs taxable under 28 U.S.C. § 1920 "should be allowed to the prevailing party." [16] The Fifth Circuit "recognize[s] a strong presumption that the court will award costs to the prevailing party." [17] Section 1920 lists six categories of costs that may be awarded. Defendants' requests in the revised Bills of Costs are made pursuant to the fourth category, "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." [18]

■ *Costs of Imaging.*—The Court previously held that the costs of imaging a hard drive are taxable under § 1920(4) because the process constitutes "making a copy" of the ESI contained on a digital device. Defendants must also show that the forensic images of the digital devices were "necessarily obtained for use in the case." The Court previously observed that "[e]valuation of ESI in its original state . . . was necessary for discovery on Javeler's claims and Defendants' defenses." The Court noted that "[t]here also was plainly a business need for Defendants continued use and custody of their . . . devices." These observations "established a *prima facie* showing" of necessity. [19] Plaintiff Javeler has not offered any evidence or meaningful argument that the forensic imaging process was unnecessary in this case. The Court therefore concludes that the $4,800.00 charged by Avansic for this process constitutes a "cost[ ] of making copies of . . . materials" that were "necessarily obtained for use in the case." [20] Each Defendant paid one-third, or $1,600.00, of this cost. Therefore, Defendants are respectively entitled to taxation of $1,600.00 for their pro rata payment of the costs of imaging the devices.

■ *Costs of Converting and Exporting Files.*—Under Fifth Circuit precedent, file conversion constitutes "making copies." [21] The party seeking taxation of costs must nevertheless show that these costs were "necessarily" incurred. [22] Defendants have provided no evidence that the file conversion in this case was required or necessary. Defendants have therefore failed to carry their burden to recover the file conversion costs. [23]

The Fifth Circuit has not addressed the taxability of the costs of exporting files. Because Defendants have not provided evidence of the necessity of these costs, the

---

**16.** FED. R. CIV. P. 54.

**17.** *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1017 (5th Cir.1992) (citing *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir.1990)); *see also Jerry v. Fluor Corp.,* No. H–10–1505, 2012 WL 4664423, at *1 (S.D.Tex. Oct. 2, 2012) ("[T]he Fifth Circuit presumes courts will award costs to the prevailing party.").

**18.** 28 U.S.C. § 1920(4).

**19.** Memorandum and Order [Doc. # 75], at 22.

**20.** *See* 28 U.S.C. § 1920(4).

**21.** *United States ex rel. Long v. GSDMIdea City, L.L.C.,* 807 F.3d 125, 131–32 (5th Cir. 2015).

**22.** *See* Memorandum and Order [Doc. # 75], at 24 (explaining that conversion costs "may be recoverable under § 1920(4), provided they are shown to have been necessary for use in the litigation").

**23.** *See La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 335 (5th Cir.1995) (noting that a district court must carefully scrutinize requests for taxation of costs by the prevailing party). This conclusion that Defendants failed to carry their burden is not a finding that file conversion is generally unnecessary.

Court does not decide whether exporting files is within the scope of "making copies."

### B. Equitable Adjustment

■ The Protocol permits any party to petition the Court for "an equitable adjustment of the cost allocations following the completion of the forensic examination."[24] Defendant Matthews Marine requests that the Court require Plaintiff Javeler to reimburse it for its entire one-third share of Avansic's fees, approximately $8,000, not just the expenses the Court has approved above.[25] Defendant Cross reserved the right to seek a similar equitable adjustment after the Court's final determination of taxable costs.[26] In the interests of finality, the Court addresses the issue of equitable reallocation regarding both Defendants in this Memorandum and Order.

Equity does not support reallocation of the entirety of Avansic's fees to Plaintiff Javeler. It is undisputed that Defendant Cross transmitted certain proprietary Javeler documents to Defendant Matthews Marine.[27] While Javeler was ultimately unsuccessful on its claims, this litigation was initiated because of Defendants' conduct. Therefore, it is equitable to adjust the allocation of expenses under the Protocol to award only the costs to which Defendants are legally entitled under § 1920.

### III. CONCLUSION

For the foregoing reasons, Defendants Cross and Matthews Marine are each entitled to an award of $1,600.00, their respective one-third shares of the costs of the forensic imaging process in this case. It is therefore

**ORDERED** that the objections in Plaintiff Javeler Marine Services LLC's Opposi-

tion to Defendant Matthews Marine, Inc.'s Supplemental Memorandum in Support of Its Bill of Costs [Doc. # 78] and Opposition to Defendant Villere Cross' Memorandum in Support of Revised Bill of Costs [Doc. # 79] are **GRANTED in part** as stated in this Memorandum and Order and **DENIED** in all other respects. It is further

**ORDERED** that Defendant Villere Cross is **AWARDED $1,600.00** in taxable costs pursuant to his revised Bill of Costs [Doc. # 77] and **DENIED** all other requested costs. It is further

**ORDERED** that Defendant Matthews Marine, Inc. of Mississippi is **AWARDED $1,600.00** in taxable costs pursuant to its revised Bill of Costs [Doc. # 76] and **DENIED** all other requested costs.

---

24. Protocol [Doc. # 71-2], at 3, ¶ 8.

25. Matthews Marine Inc. Supplemental Memorandum in Support of Its Bill of Costs [Doc. # 76], at 5–7.

26. Cross Memorandum in Support of Revised Bill of Costs [Doc. # 77-1], at 4.

27. *See* Memorandum and Order [Doc. # 68], at 3–4.