# United States Court of Appeals for the Fifth Circuit

———————

No. 22-10120
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2023

Lyle W. Cayce
Clerk

Travis Blank,

*Plaintiff—Appellant*,

*versus*

United States of America; Charles Eilert, D.O.; Aminia Baruti, M.D.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-96

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Travis Blank, former federal prisoner # 16486-078 and proceeding *pro se*, appeals the district court's dismissal of his claims under the Federal Tort Claims Act against the United States, following a bench trial and the award of costs to the United States. Blank contends the court: erred by concluding

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

he failed to establish his medical-malpractice claims; and abused its discretion in awarding costs to the United States. (Blank's claims against the two other defendants were dismissed on qualified-immunity grounds at the summary-judgment stage and were not timely appealed. Accordingly, they are not before us in this appeal.)

We review the district court's bench trial "findings of fact for clear error and conclusions of law de novo", *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009); the award of costs, for "a clear abuse of discretion", *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015).

Where, as here, appellant fails to provide the transcript necessary to evaluate the district court's factual findings—which the parties agreed before trial were the only issues in dispute—we have the discretion either to dismiss the "appeal for failure to provide a complete transcript of the record on appeal" or to "decide those issues which can be reached on the record before" us. *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989) (citation omitted). We opt for the former procedure because the record on appeal is insufficient for our reviewing whether the court committed clear error in its factual findings. *Id.*

As for the bill of costs, Federal Rule of Civil Procedure 54(d)(1) establishes "a strong presumption that the prevailing party will be awarded costs". *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). "[A] district court *may*, but is not required to, deny a prevailing party costs where suit was brought in good faith *and* denial is based on at least one of" certain factors, including, relevant here, "the losing party's limited financial resources" and the "substantial benefit conferred to the public". *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (emphasis in original) (citation omitted). Even assuming Blank brought his action in good faith, he demonstrated neither limited financial resources nor that this proceeding

No. 22-10120

conferred a substantial benefit to the public. *E.g.*, *id.* The court did not abuse its discretion in awarding costs to the United States. *E.g.*, *U.S. ex rel. Long*, 807 F.3d at 128.

AFFIRMED.