# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-20297
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2026

Lyle W. Cayce
Clerk

Babu K. Thomas,

*Plaintiff—Appellant*,

*versus*

David Steiner, U.S. Postmaster; Todd Wallace Blanche, *Acting U.S. Attorney General*; John G.E. Marck, *United States Attorney for the Southern District of Texas*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3157

————————————————————————

Before Jones, Richman, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Babu K. Thomas appeals from the district court's grant of summary judgment to his former employer on claims of age, race, and disability discrimination, retaliation, and hostile workplace environment, as well as the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's denial of his motion for reconsideration and assessment of bill of costs against him. We affirm.

## I

Babu K. Thomas is an Asian-American man born in 1963. He began working for the United States Postal Service (USPS) in 2000. As early as 2007, USPS began documenting problems with his work performance. In 2010, Thomas was given a medical accommodation limiting his workday to 8 hours. However, he did not abide by the conditions of the accommodation. In June of 2014, Thomas instituted an investigation with USPS Equal Employment Opportunity ("EEO") alleging retaliation and a hostile work environment based on race, national origin, age, and disability.

Thomas stopped going to work after August 13, 2014. On September 6, 2014, USPS notified Thomas he failed to keep his supervisor informed of his status and failed to provide documentation to support his inability to work. On January 24, 2015, Thomas was informed he had been placed on Leave Without Pay status since August 13. Thomas sent several letters to USPS representatives between 2014 and 2017 asking to discuss reasonable accommodations and his claims of harassment and hostile work environment, but none include supporting medical documentation.

On November 1, 2017, Thomas was ordered to "provide acceptable evidence of [his] inability to report [for work] from August 2014 to present" or be declared absent without leave and possibly terminated. USPS conducted an investigative interview with Thomas on January 12, 2018, at which Thomas declined to provide any documentation of his need to be absent from work. Thomas was terminated effective March 23, 2018.

Thomas filed a charge with the EEO on April 20, 2018 asserting discrimination, harassment, and retaliation based on race, age, and disability beginning in December 2017. The EEOC issued a notice of right to sue letter

on June 18, 2022. Thomas filed suit in federal district court on September 15, 2022.

Following discovery, the defendants moved for summary judgment on September 12, 2024. On October 18, 2024, Thomas filed a motion to compel alleging that the defendants had not complied with discovery requests. The district court ordered the defendants to supplement discovery by November 14, 2024. On February 7, 2025, Thomas filed another motion to compel.

The magistrate judge issued a report and recommendation recommending the defendants' motion for summary judgment be granted in full on February 12, 2025. The magistrate denied Thomas's motion to compel on March 4, 2025. The district court then adopted the report and recommendation on March 14, 2025 and dismissed Thomas's claims with prejudice. The court also awarded costs in favor of defendants. Thomas objected to this, but the court overruled his objection. Thomas also filed a motion for reconsideration, which the court denied. He timely appealed.

## II

We begin with Thomas's challenge to the district court's denial of his motion to compel discovery. "Discovery rulings are 'committed to the sound discretion of the trial court' and will not be reversed on appeal unless 'arbitrary or clearly unreasonable.'"[1]

The district court denied Thomas's motion because the court "conclude[d] that Defendant complied with the Court's [previous] Order compelling them to supplement their discovery responses" and that Thomas's motion "was filed belatedly and months after the [] deadline and

---

[1] *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013) (quoting *Williamson v. USDA*, 815 F.2d 368, 373, 382 (5th Cir. 1987)).

without conferring with Defendant as required by Local Rule 7.1(D)." Thomas maintains he "filed timely before the motion deadlines" and that "Defendant did not produce the documents that the Court ordered them to produce."

The district court did not abuse its discretion in denying Thomas's motion to compel. The supplemental discovery deadline was set as November 14, 2024. Thomas's motion was filed on February 7, 2025. "A district court has discretion to deny as untimely a motion filed after the discovery deadline."[2] Its decision to do so was therefore not "arbitrary or clearly unreasonable."[3]

Thomas's further argument that summary judgment was improper because he "did not have a full opportunity to conduct discovery" as "[t]he Court had not yet ruled on [his] motion to compel" is without merit. The magistrate judge ruled on his motion to compel on March 4, 2025. The district court did not adopt the magistrate's report and recommendation on the motion for summary judgment until March 14, 2025. By that time, the magistrate had already found the defendants complied with its previous discovery orders and that Thomas's motion to compel was untimely.

## III

Thomas challenges the district court's grant of summary judgment to the defendants. "We review the district court's grant of summary judgment *de novo*."[4] Summary judgment is proper "if the movant shows that there is

---

[2] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018).

[3] *McCreary*, 738 F.3d at 654 (quoting *Williamson*, 815 F.2d 382).

[4] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

no genuine dispute as to any material fact."[5]  In response to the movant, the summary judgment standard "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[6]

## A

First, we consider Thomas's claim of disability discrimination.  The Rehabilitation Act provides the exclusive remedy for federal employees alleging disability discrimination in the workplace.[7]  "To qualify for relief under the Rehabilitation Act, a plaintiff must prove that (1) he is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that he was discriminated against 'solely by reason of her or his disability.'"[8]  "An individual with a disability is any person who (1) has a physical or mental impairment which 'substantially limits one or more of such person's major life activities'; (2) has a 'record' of such an impairment; or (3) is 'regarded' as having such an impairment."[9]  Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."[10]

---

[5] FED. R. CIV. P. 56(a).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008).

[8] *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997) (quoting 29 U.S.C. § 794(a)).

[9] *Id.* (quoting 29 U.S.C. § 706(8)(B)).

[10] *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995).

No. 25-20297

Thomas alleges a diagnosis of diabetes in 2005 and depression in 2009 as the basis for disabilities. In one of the letters Thomas submitted as summary judgment evidence, he wrote: "I told you I am a type-2 diabetic during our conversations at work and while you were riding with me. I have been on an 8hr day restriction for long time. I had to use an umbrella in the sun at NBUs and sometimes check my blood sugar if I feel weak and use the bathroom if needed and such." This is the extent of the record evidence establishing the impacts of Thomas's diagnoses. However, this is insufficient to create a genuine issue of material fact as to whether Thomas is "[a]n individual with a disability" because it does not demonstrate that his physical or mental impairment "substantially limits one or more of [his] major life activities."[11] Indeed, Thomas continued to work for years after these diagnoses.

Because Thomas fails to show a genuine dispute of material fact as to whether he is an individual with a disability, summary judgment was proper on his disability discrimination and failure to accommodate claims.

**B**

With regard to Thomas's race discrimination claim, to establish a prima facie case of racial discrimination, a plaintiff must show he "1) is a member of a protected class; 2) was qualified for h[is] position; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably."[12] "Employees are similarly situated when they (1) 'held the same job or responsibilities,' (2) 'shared the same supervisor or

---

[11] *Hileman*, 115 F.3d at 353.

[12] *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005).

had their employment status determined by the same person,' and (3) 'have essentially comparable violation histories.'"[13]

Thomas proffers five comparators. For the first two, Thomas points to a USPS pre-complaint counseling information form in the record that he completed. The form names one comparator as a "female, European-American" who "was given special accommodations, no harassments" and "was awarded [Thomas's] adjusted route by supervisor." It names the second as a "male, European-American" who "was provided accommodation to work only half of the route for a long period of time for a medical condition. He was away from carrier craft for over 10 y[ea]rs but allowed to bid on route (my adjusted route) at the same time I was denied opportunity to bid open routes." This evidence is insufficient to create a genuine issue of material fact as to whether these employees are similarly situated. Thomas points to no evidence that suggests these employees "shared the same supervisor or had their employment status determined by the same person" and offers nothing regarding these employee's "violation histories."[14] As for Thomas's three other proffered comparators, Thomas points to no record evidence whatsoever. Thomas therefore does not show a genuine issue of material fact as to whether they are similarly situated.

Because Thomas does not point to any record evidence creating a genuine issue of material fact as to whether his proffered comparators are "similarly situated persons [who] were treated more favorably" and does not argue he was "replaced by someone outside the protected class," he did not raise a genuine issue of material fact as to the fourth element of his prima

---

[13] *West v. City of Hous.*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)).

[14] *West*, 960 F.3d at 740 (quoting *Lee*, 574 F.3d at 260).

No. 25-20297

facie case of racial discrimination.[15] Summary judgment was therefore proper on his race discrimination claim.

## C

As to Thomas's age discrimination claim, "[t]o establish h[is] prima facie case of age discrimination, [Thomas] must show that (1) [he] was discharged, (2) [he] was qualified for the position, (3) [he] was within the protected class when [he] was discharged, and (4) [he] was 'either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[is] age.'"[16]

Thomas alleges "his carrier route was given to much younger part-time and casual employees." However, Thomas does not point to any competent summary judgment evidence demonstrating he was replaced by younger employees or even identifying who those employees were.[17] Indeed, Thomas admits he "did not get their names and other information" during discovery. Thomas therefore has not shown a genuine issue of material fact as to the fourth element of his prima facie case. Summary judgment was proper on his age discrimination claim.

## D

"To present a prima facie case of retaliation under either Title VII or § 1981, a plaintiff must show that: (1) he engaged in an activity protected by

---

[15] *Septimus*, 399 F.3d at 609.

[16] *Allen v. U.S. Postal Serv.*, 63 F.4th 292, 301 (5th Cir. 2023) (quoting *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010)).

[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.")

Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action."[18] "If [the plaintiff] successfully establishes her *prima facie* case, the burden then shifts to the [defendant] to state a legitimate non-retaliatory reason for its action. . . . [The plaintiff] must [then] show that the [defendant]'s stated reason is actually a pretext for retaliation."[19] "The proper standard of proof on the causation element of a Title VII retaliation claim is that the adverse employment action taken against the plaintiff would not have occurred 'but for' her protected conduct."[20]

Thomas argues record evidence showing his EEO complaints, congressional complaints, and reasonable accommodation requests, among others, are protected activity for which he was fired in retaliation. Assuming without deciding that Thomas has created a genuine issue of material fact with respect to each element of his prima facie case, USPS has articulated a legitimate non-retaliatory reason for the employment action—that is, that Thomas was absent from work for three years and continually failed to provide the necessary requested medical information to justify his absence. As we have previously held, "an employee's failure to show up for work is a legitimate reason for firing her."[21]

Thomas does not respond to USPS's non-retaliatory reason, arguing instead that "the defendant presents no non-discriminatory reasons for termination of [his] employment." Thomas therefore does not create a

---

[18] *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

[19] *Septimus v. Univ. of Hous.*, 399 F.3d 601, 610 (5th Cir. 2005).

[20] *Id.* at 608.

[21] *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 835 (5th Cir. 2020) (quoting *Trautman v. Time Warner Cable Tex., L.L.C.*, 756 F. App'x 421, 428 (5th Cir. 2018)).

No. 25-20297

genuine issue of material fact as to whether the adverse employment action taken against him would have occurred but-for his protected conduct. Summary judgment was accordingly proper on this claim as well.

**E**

We now turn to Thomas's harassment and hostile work environment claim. To establish a hostile work environment claim based on race, age, or disability, a plaintiff must show: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on race, age, or disability; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[22]

Thomas points to a coworker's EEO investigative affidavit filed on March 8, 2013, a complaint Thomas wrote on a USPS routing slip to the postmaster detailing an incident of bullying by coworkers and a supervisor dated June 17, 2014, and several letters Thomas wrote between 2014 and 2017. However, Thomas' last day of work was August 13, 2014. All the incidents of harassment reflected in the record necessarily occurred on or before that date. But the EEO only accepted Thomas's hostile work environment and discriminatory harassment claim insofar as it related to harassment and bullying "[b]eginning on or about December of 2017." Thomas cannot point to any record evidence demonstrating harassment from 2017 onwards. Summary judgment was therefore proper on this claim.

---

[22] *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (race); *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) (disability); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (age).

No. 25-20297

## IV

Finally, Thomas argues "USPS management terminated [him] from his employment without just cause" and there was an "unfair and improper grievance arbitration process." However, Thomas did not plead that his termination was improper aside from his prior discrimination and retaliation claims in his underlying administrative complaint, nor in his complaint in federal district court. Nor did he plead a claim about the arbitration process in the district court. We will not consider claims raised for the first time on appeal.[23]

## V

Thomas asserts that "[t]he memorandum and recommendation contain several factual errors."[24] Because "[w]e give *pro se* briefs a liberal construction,"[25] we construe this argument to be an appeal of the denial of Thomas's motion for reconsideration. "[W]e review a district court's decision on a Rule 59 motion to reconsider for abuse of discretion."[26]

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[27] In denying Thomas's motion, the district court noted his "[m]otion establishes only that [he] disagrees with the Court's ruling." We agree. Because Thomas failed

---

[23] *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

[24] Thomas Br. at 35.

[25] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).

[26] *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

[27] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

to establish a manifest error of law or fact or present newly discovered evidence, the district court did not abuse its discretion in denying his motion for reconsideration.

## VI

Finally, Thomas argues the district court erred in granting a bill of costs in favor of the defendants. Federal Rule of Civil Procedure 54(d)(1) states "costs—other than attorney's fees—should be allowed to the prevailing party."[28] This rule "contains a strong presumption that the prevailing party will be awarded costs."[29] "Only when a clear abuse of discretion is shown can an award of cost be overturned."[30]

Thomas argues the district court's grant of deposition-related costs to the defendants was an abuse of discretion because his deposition was not used in the defendant's motion for summary judgment. However, we have previously held that "[a] deposition or deposition copy 'need not be introduced into evidence . . . in order to be 'necessarily obtained for use in the case.'"[31] "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion, and '[w]e accord the district court great latitude in this determination.'"[32] The district court found the deposition of Thomas "was clearly obtained for use in this case even though Defendant did not cite the deposition in its summary judgment briefing." Thomas presents no compelling reason to

---

[28] Fed. R. Civ. P. 54(d)(1).

[29] *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

[30] *Id.*

[31] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)).

[32] *Id.* (alteration in original) (quoting *Fogleman*, 920 F.2d at 286).

No. 25-20297

disturb the district court's factual determination. The district court did not abuse its discretion in granting the bill of costs.

*   *   *

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the defendants, denial of Thomas's motion for reconsideration, and assessment of bill of costs.