# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60726

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2014

Lyle W. Cayce
Clerk

NATIONWIDE MUTUAL INSURANCE COMPANY,

Plaintiff-Appellee

v.

FRED L. BAPTIST; DEBBIE BAPTIST,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Mississippi

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:

In this diversity case applying Mississippi insurance law, Defendants-Appellants Fred L. and Debbie Baptist appeal the district court's summary judgment in favor of Plaintiff-Appellee Nationwide Mutual Insurance Company ("Nationwide"). The district court held that the Baptists initially purchased a valid homeowner's insurance policy from Nationwide, but that subsequent renewals of that policy were void *ab initio* because they occurred after the Baptists lost ownership of their home to foreclosure.

The parties do not dispute the relevant facts. The Baptists purchased the Nationwide policy in October 2006. Just over two years later, in November

No. 13-60726

2008, they lost their home to foreclosure. They did not inform Nationwide of the foreclosure sale, however, and they continued to occupy in the home.[1] The Bank of New York, which had purchased the home at the foreclosure sale, sought and obtained a judgment evicting the Baptists on December 9, 2011. That should have caused the Baptists to vacate the home by January 13, 2012, but it was seriously damaged by a fire or fires on December 27 and 28, 2011. It was in conducting a post-loss investigation of the Baptists' claims arising from these fires that Nationwide first discovered that they no longer held title to the property.

After losing their home to foreclosure, but prior to Nationwide's discovery of that fact more than two years later, the Baptists twice renewed their homeowner's insurance policy, first for 2009-2010, and again for 2010-2011, by sending Nationwide checks to cover each annual premium. In addition to the claims relating to the December 2011 fires, the Baptists also filed post-foreclosure claims relating to wind or hail damage, and to an unrelated fire, in April and May of 2010, respectively.

Nationwide filed suit in the United States District Court for the Northern District of Mississippi seeking (1) a declaratory judgment that the policies issued after the foreclosure sale were void and (2) recovery of payments it made on the Baptists' claims filed in 2010 and 2011. Seeking summary

---

[1] The Baptists sought to set aside the foreclosure by means of a complaint filed in the United States District Court for the Western District of Tennessee, which that court, while at the same time noting the possibility of a lack of jurisdiction and venue, dismissed for failure to state a claim. *Baptist v. Bank of New York Mellon*, 09-2569-STA, 2010 WL 1539973 (W.D. Tenn. Apr. 16, 2010). The Sixth Circuit's unpublished November 2011 order affirming that dismissal is a part of our record in this appeal.

No. 13-60726

judgment, Nationwide insisted, *inter alia*, that the Baptists' failure to inform Nationwide of the foreclosure sale was a material misrepresentation sufficient to void coverage. The District Court held that the Baptists "had no insurable interest in the subject property at the time the renewal policies were issued[;] the Baptists were therefore ineligible for such renewal policies[;] and[,] consequently, the renewal policies are void." The district court's judgment ordered the Baptists to reimburse Nationwide for all payments it made on claims arising during the post-foreclosure renewal periods. The Baptists timely filed a notice of appeal.

Although the parties devote much of their briefing to whether the Baptists maintained an insurable interest in the property sufficient to sustain their policy's effectiveness after the foreclosure, we need not address this issue to conclude that the district court's judgment must be affirmed. Our de novo review[2] satisfies us that the district court's ultimate conclusion was correct because, even assuming *arguendo* that the Baptists maintained an insurable interest sufficient to sustain their policy—in their personal property, contemplated as "contents," for example—their renewals of their policy constituted their affirmations to Nationwide of their initial application for insurance, material portions of which were no longer true. The Baptists' application reflects that the home would be owner occupied, and includes both the Baptists' declaration that the facts stated on the application are true and their request that Nationwide issue "the insurance and any renewals thereof in reliance thereon." By renewing their homeowner's policy when they no

---

[2] *Carroll v. Metro. Ins. & Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999).

3

No. 13-60726

longer owned their home, the Baptists made a misstatement of material fact that entitled Nationwide to rescind the policy.[3] Accordingly, the judgment of the district court is AFFIRMED.

---

[3] *See id.* ("Under Mississippi law, if an applicant for insurance is found to have made a misstatement of material fact in the application, the insurer that issued a policy based on the false application is entitled to void or rescind the policy. To establish that, as a matter of law, a material misrepresentation has been made in an insurance application, (1) it must contain answers that are false, incomplete, or misleading, and (2) the false, incomplete, or misleading answers must be material to the risk insured against or contemplated by the policy. The party seeking to void the insurance contract . . . must establish the existence of a factual misrepresentation and its materiality by clear and convincing evidence. Whether the misrepresentation was intentional, negligent, or the result of mistake or oversight is of no consequence." (internal footnotes omitted)).