# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60409

———————

Kenisha Black,

*Plaintiff—Appellant*,

*versus*

Mississippi Department of Rehabilitation Services,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-643

———————————————————————

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

The plaintiff is a black woman who alleges she was discriminated against on the basis of race when the Mississippi Department of Rehabilitation Services appointed a white woman to a director position. The district court found that the plaintiff failed to create a fact issue with respect to pretext. We agree and AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60409

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Kenisha Black began work for the Mississippi Department of Rehabilitation Services ("MDRS") in 2004 as a Counselor II. Black resigned in 2006 but was soon rehired by MDRS as a Counselor III. In 2013, Black became a Licensed Professional Counselor. In 2015, Black was promoted to a District Director position.

In 2019, MDRS employee Kevin Bishop held the position of Director of Client Services. Later that year, Bishop was promoted to be Director of Workforce Programs, leaving his previous post vacant. Bishop recommended to MDRS Executive Director, Chris Howard, that Carol Elrod, a white woman, be appointed to his former position. Howard accepted the recommendation and appointed Elrod to the position. MDRS did not otherwise solicit applications for the opening.[1]

Subsequently, Black filed a discrimination charge against MDRS with the Equal Employment Opportunity Commission. She received her Notice of a Right to Sue, then filed a complaint in federal district court. Black alleged violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. MDRS moved for summary judgment.

In June 2022, the district court granted summary judgment for MDRS on all claims. Relevant here, the court concluded that Black failed to establish a *prima facie* case of discrimination. In the alternative, the court found that Black failed to create a fact issue as to whether MDRS's non-discriminatory reason for promoting Elrod was pretextual. Black timely appealed.

---

[1] The Director of Client Services position is exempt from Mississippi Civil Service Law. State law authorizes the agency's Executive Director to appoint the position without advertising the job opening. *See* Miss. Code Ann. § 25-9-107(c)(xvi).

2

DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Nationwide Mut. Ins. Co. v. Baptist*, 762 F.3d 447, 449 (5th Cir. 2014). Summary judgment is proper when "there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a).  In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, *Inc.*, 530 U.S. 133, 150 (2000).  A party cannot defeat summary judgment with "conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Instead, "the nonmovant must go beyond the pleadings and designate specific facts" that prove a genuine issue of material fact exists.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Black does not challenge the dismissal of her Section 1981 claim.  She argues only that the district court erred by concluding (1) that she failed to establish a *prima facie* case and (2) that she failed to create a fact issue on pretext.[2]

Under Title VII, a plaintiff establishes a *prima facie* case by showing that she (1) is a member of a protected class; (2) was qualified and applied for a position; (3) was rejected; and (4) was passed over by the employer so it could promote, hire, or continue to seek a person of a non-protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  If the plaintiff

---

[2] We mention that this court has affirmed summary judgment against several of Black's (now-severed) co-plaintiffs. *See Gray v. Miss. Dep't of Rehab. Servs.*, No. 22-60411, 2023 WL 119636 (5th Cir. Jan. 6, 2023); *Gathings v. Miss. Dep't of Rehab. Servs.*, No. 22-60405, 2023 WL 2327460 (5th Cir. Mar. 2, 2023); *Laury v. Miss. Dep't of Rehab. Servs.*, 2023 WL 3073267 (5th Cir. Apr. 25, 2023).

makes that showing, the burden shifts to the employer "to proffer a legitimate, nondiscriminatory reason for its action," after which the plaintiff must "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (quotation marks and citations omitted).

We will assume Black made a *prima facie* showing. We then examine whether she created a fact issue with respect to pretext.  MDRS asserts that it appointed Elrod as Director of Client Services because she was qualified and had a long working history with MDRS.  Elrod began working for MDRS in 2001, then held various positions, including Evaluator II, Counselor III, and District Manager.  In 2013, Elrod transitioned to work as a Program Coordinator for Mississippi's Alcohol and Drug Test Services.

As to pretext, Black first argues that she and Elrod have different qualifications.  We agree with the district court's fact-finding that there is no meaningful difference between their qualifications.  Both hold master's degrees and have long career histories with MDRS.  Black failed to offer evidence from which a factfinder could infer that she was "clearly better qualified" than Elrod. *See Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002).

Black also says pretext cannot be decided in this case on summary judgment because Bishop and Howard's "state[s] of mind" with respect to filling the job opening are disputed fact issues.  Because this argument was not presented to the district court, it was forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Even considering this argument about state-of-mind, a plaintiff must show that her employer's decision was "more likely motivated" by discrimination, or that the employer's "explanation is unworthy of

credence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (quotation marks and citation omitted). "[P]retext cannot be established by mere conclusory statements of a plaintiff who feels [s]he has been discriminated against." *EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984) (quotation marks and citation omitted). Here, Black's unsupported allegations regarding states of mind are insufficient to create a fact issue. Further, Black has not identified any evidence suggesting that Bishop's or Howard's decisions were racially motivated.

Because Black failed to create a genuine issue of material fact regarding pretext, we AFFIRM.