# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2025

Lyle W. Cayce
Clerk

No. 23-40719

ELIZABETH WRIGHT,

*Plaintiff—Appellant*,

ERIC B. DICK; DICK LAW FIRM, P.L.L.C.,

*Appellants/Cross-Appellees*,

*versus*

ASI LLOYDS,

*Defendant—Appellee/Cross-Appellant*,

CONSOLIDATED WITH

No. 24-40020

ELIZABETH WRIGHT,

*Plaintiff*,

ERIC B. DICK; DICK LAWN FIRM, P.L.L.C.,

*Appellants/Cross-Appellees*,

Joseph J. Synoradski,

*Cross-Appellee*,

*versus*

ASI Lloyds,

*Defendant—Appellee/Cross-Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:22-CV-357, 3:22-CV-357

_____

Before Wiener, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Elizabeth Wright appeals the district court's dismissal of her homeowner's insurance claims against ASI Lloyds ("ASI"), its denial of her motion to compel appraisal, and its imposition of sanctions against her attorneys. ASI cross-appeals the district court's denial of its motion for additional sanctions and costs. We AFFIRM the dismissal of Wright's claims, the denial of Wright's motion to compel, and the imposition of sanctions against Wright's attorneys. We VACATE the district court's denial of ASI's motion for sanctions and REMAND for further proceedings consistent with this opinion.

I

On December 11, 2018, Wright purchased an insurance policy from ASI for her house in Clear Lake Shores, Texas. The policy excluded losses

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

from "governmental action," defined as "the destruction, confiscation or seizure of property . . . by order of any governmental or public authority."

In October 2019, the City of Clear Lake Shores (the "City") demolished a neighboring abandoned building, "creating a hole through the exterior siding and through the interior dry wall" of Wright's house. Wright submitted a formal notice of claim to ASI in April 2021, and ASI denied the claim on July 21, 2021. ASI determined that the damage "was caused by the demolition of the neighboring property and was done at the direction of the [City]." The governmental-action exclusion therefore applied to this loss.

Wright hired Eric B. Dick, Joseph J. Synoradzki, and the Dick Law Firm P.L.L.C. (the "Law Firm") to represent her. On April 27, 2022, she sued ASI in state court for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and Texas Insurance Code violations.[1] ASI removed this case to federal court.

A

On September 8, 2023, ASI moved for discovery sanctions against "Plaintiff and/or her counsel" under Federal Rule of Civil Procedure 37. Although the parties had scheduled an inspection of Wright's house, the "employee of [the Law Firm] who was on site [the day of the inspection] did not have a key and was unable to provide access to the insured property." A magistrate judge granted ASI's motion and ordered the Law Firm to reimburse ASI for the costs and fees it incurred because of the failed inspection. The district judge overruled the Law Firm's objections to that order.

_____

[1] Wright also sued ASI for fraud, but she later abandoned that claim.

23-40719
c/w No. 24-40020

On October 2, Wright moved to compel an appraisal to abate the lawsuit. The magistrate judge denied the motion because the insurance policy permitted an appraisal only if the parties "agree[d] on the scope of the direct physical loss or damage . . . covered by the terms and conditions of th[e] policy." The magistrate judge also found that Wright had waived her right to an appraisal. The district court judge again overruled Wright's objections to the magistrate judge's order.

On October 12, ASI moved for summary judgment, arguing that the damage to Wright's house fell within the governmental-action exclusion. It reasoned that "if the damage was caused by the demolition of the house next door at the direction of the City[,] . . . there is no coverage for the loss." According to ASI, this also doomed Wright's extra-contractual claims. The district court judge granted summary judgment in ASI's favor and dismissed all of Wright's claims. The district court judge also denied ASI's second motion for sanctions against Dick and Synoradzki.

Wright appeals the dismissal of her claims, as well as the order denying her motion to compel appraisal and for abatement. The Law Firm also appeals the order granting ASI's first motion for sanctions.[2]

ASI cross-appeals the denial of its second motion for sanctions, arguing that the district court should have considered additional sanctions against Dick and Synoradzki. ASI also contends that the district court failed to address its bill of costs and to award it costs as the prevailing party.

---

[2] It is unclear whether only the Law Firm or all appellants bring this claim, but the district court's order only imposes sanctions against the Law Firm. Because "a party who is not aggrieved by a judgment of the district court has no standing to appeal it," the other appellants have no standing to bring this claim. *United States v. Fletcher ex rel. Fletcher*, 805 F.3d 596, 602 (5th Cir. 2015). We consider only the Law Firm's claim regarding the first motion for sanctions.

## II

This court reviews a district court's grant of summary judgment *de novo. Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023) (citing *Nationwide Mut. Ins. Co. v. Baptist*, 762 F.3d 447, 449 (5th Cir. 2014) (per curiam)). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reviewing the facts, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A non-movant cannot defeat summary judgment with "speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quoting *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012)). Rather, the non-movant "must point to specific evidence in the record demonstrating a material fact issue concerning each element of his claim." *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018).

## III

### A

Wright first challenges the dismissal of her breach of contract claim, arguing that there are "fact issues" related to the application of the governmental-action exclusion that preclude summary judgment. We disagree.

23-40719
c/w No. 24-40020

Texas law controls our analysis of the exclusion because this is a "diversity action that turns on contractual interpretation" of a contract entered in Texas. *Bexar Cnty. Hosp. Dist. v. Factory Mut. Ins. Co.*, 475 F.3d 274, 276 (5th Cir. 2007). "Under Texas law, insurance policies are interpreted according to the ordinary rules of contract interpretation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. McMurray*, 342 F. App'x 956, 958 (5th Cir. 2009) (per curiam) (citing *Kelley–Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)). In construing the policy, the court's primary concern is determining the intent of the parties. *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). If an insurance contract is subject to more than one reasonable interpretation, the interpretation that most favors coverage for the insured will be adopted. *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997).

1

Wright identifies two "fact issues." First, she contends that her house was damaged when the City demolished a neighboring house that "had been badly damaged by fire and was left in a dangerous condition where it could spread to other houses." According to Wright, the policy covers her damage and the governmental-action exclusion is inapplicable because the City's actions were "taken at the time of a fire to prevent its spread."

But Wright points to no evidence in the record that a fire existed at the time of the demolition, or that the City ordered the demolition to prevent the spread of a fire. The record instead indicates that the City demolished the house because its owner had failed to comply with City ordinances and it had been declared a "public nuisance." The demolition notice stated that the house was "unsafe, unsanitary, uninhabitable or otherwise dangerous to the health, safety and general welfare of the citizens of the [C]ity." There is no mention of fire damage or the risk of a fire starting and spreading to

6

23-40719
c/w No. 24-40020

surrounding houses. And Wright also never mentioned a fire or fire risk during her deposition or in her pleadings before ASI's motion for summary judgment. Wright's unsupported allegation that the City ordered the demolition to prevent the spread of a fire is insufficient to create a genuine dispute of material fact as to the application of the governmental-action exclusion.

But even if Wright could point to evidence in the record, the plain language of the governmental-action exclusion forecloses relief. The governmental-action exclusion in the policy states that:

> [ASI] does not insure for loss caused directly or indirectly by . . . Governmental Action. . . . Governmental action means the destruction, confiscation or seizure of property . . . by order of any governmental or public authority. This exclusion does not apply to such acts ordered by any governmental or public authority that are taken at the time of a fire to prevent its spread, if the loss caused by fire would be covered under this policy.

The exclusion carves out an exception for actions "taken at the time of a fire to prevent its spread." But here, Wright points to no evidence that a fire existed at the time of the demolition, let alone evidence that the City demolished the house to prevent a fire from spreading. The evidence instead establishes that the City demolished the house because it was a public nuisance, placing the damage to Wright's house squarely within the governmental-action exclusion. Wright has failed to point to record evidence creating a genuine dispute of material fact as to the application of the governmental-action exclusion.

2

Second, Wright argues for the first time on appeal that the governmental-action exclusion does not apply because it was the house next

7

door—not her own property—that was demolished by order of the City. In her reply brief, she also argues for the first time that it was a private company, not the City, that demolished the house.

A party forfeits arguments not raised in the district court or in the party's opening brief absent extraordinary circumstances. *Am. Precision Ammunition, L.L.C. v. City of Mineral Wells*, 90 F.4th 820, 827 n.6 (5th Cir. 2024); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 503 (5th Cir. 2012) (quoting *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996)).

Wright has not made an "argument or showing of extraordinary circumstances." *See French v. Allstate Indem. Co.*, 637 F.3d 571, 583 (5th Cir. 2011). The plain language of the policy also forecloses relief because the governmental-action exclusion applies if the loss is "directly or indirectly" caused "by order of any governmental or public authority." The damage would not be covered whether the City ordered the demolition of Wright's home or the one next door, or whether the demolition was carried out by the City itself or by a private company pursuant to the City's order.

Because Wright has not raised a genuine dispute of material fact, her challenges to the dismissal of her breach of contract claim fail.

B

Wright next challenges the dismissal of her extra-contractual claims for breach of the duty of good faith and fair dealing, DTPA violations, and Texas Insurance Code violations. Generally, "an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy." *USAA Tex. Lloyds*

*Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). But an insured can still recover for violations that cause an injury "independent from the loss of the benefits." *Id.* at 500.

1

On appeal, Wright claims that ASI breached its duty of good faith and fair dealing because it did not pay her claim. ASI did not have a reasonable basis to deny payment, according to Wright, because "[her] breach of contract claim should succeed." We disagree.

Texas law recognizes a duty of good faith and fair dealing in the insurance context. *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). To prevail on a breach of good faith and fair dealing claim, the insured must prove that the insurer had no reasonable basis for denial or delay in payment of claim, and that the insurer knew or should have known of that fact. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). This is a high bar. "[T]he insured must prove that *there were no facts* before the insurer which, if believed, would justify denial of the claim." *Id.* (emphasis added) (citing *State Farm Lloyds Inc. v. Polasek*, 847 S.W.2d 279, 284 (Tex. App.—San Antonio 1992, writ denied)).

Wright fails to point to record evidence creating a dispute of material fact as to this claim. ASI had a reasonable basis for denying Wright's claim under the governmental-action exclusion. It investigated and "found that the damage to the siding was caused by the demolition of the neighboring property and was done at the direction of the [City]." Wright challenges this interpretation and application of the governmental-action exclusion. This alone, however, cannot sustain her claim because "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015) (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42,

44 (Tex. 1998)). Wright failed to point to record evidence creating a genuine dispute of material fact as to whether ASI had a reasonable basis for denying her claim. Her breach of good faith and fair dealing claim fails.

2

Wright next challenges the dismissal of her DTPA and Texas Insurance Code claims, arguing that ASI violated these statutes "by not paying Wright's claim in spite of it being covered." But Wright has raised no genuine dispute of material fact as to her breach of contract claim. Wright's DTPA and Insurance Code claims also fail.

3

Finally, Wright claims that her Prompt Payment Act claim should survive because "Wright has shown [that ASI] violated multiple prompt deadlines in its handling of her claim, [ASI] wholly failed to accept or deny coverage within the statutory deadlines and has yet to pay any portion of her covered damages."

To succeed on a Prompt Payment Act claim, an insured must establish that: "(1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim." *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018) (quoting *United Nat'l. Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd)). Here, Wright has raised no genuine dispute of material fact as to her breach of contract claim. Because ASI is not liable for the loss, Wright's Prompt Payment Act claim must fail as well.

23-40719
c/w No. 24-40020

The district court properly dismissed Wright's claims for breach of the duty of good faith and fair dealing, DTPA violations, and Texas Insurance Code violations.

IV

Wright also challenges the denial of her motion to compel an appraisal and to abate the lawsuit. She argues that at least one court has ordered an appraisal despite coverage disputes, and that her conduct does not support intentional waiver.[3]

Another court's decision to order appraisal has no implication in this case. Wright's policy states that appraisal is appropriate only if the parties "agree on the scope of direct physical loss or damage that is covered by the terms and conditions of this policy but disagree on the amount payable for that scope of loss." This case does not present a disagreement about the amount of loss; it is a dispute about whether the loss is covered at all. The district court correctly determined that there is no appraisable issue because the parties cannot "agree on the scope of direct physical loss or damage that is covered by the terms and conditions."

The district court also correctly determined that, even if there was an appraisable issue, Wright waived her appraisal rights. "Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions,

_____

[3] Wright states in her brief that "the magistrate judge ruled on the motion without holding a hearing, never allowing Wright to prove up these allegations in violation of Due Process in the Fifth Amendment of the Constitution." Due process requires some form of hearing before the final deprivation of a property interest, but it does not require a hearing to resolve—as Wright describes it—"contested issues of fact." *See Hampton Co. Nat'l. Sur., LLC v. Tunica County*, 543 F.3d 221, 225 (5th Cir. 2008) ("When there is no 'property interest, there is nothing subject to Due Process protections and our inquiry ends.'" (quoting *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997))). To the extent that Wright is asserting a due process claim, it fails.

intent must be clearly demonstrated by the surrounding facts and circumstances." *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 298 (5th Cir. 2010) (quoting *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam)). Wright notes that she invoked her right to an appraisal before she filed her complaint. Her amended complaint reserved rather than pursued her right to an appraisal, and she first moved to compel an appraisal more than two years after ASI denied her claim. Wright also actively litigated this case for over a year—participating in the discovery process, designating expert witnesses, and agreeing to the extension of case deadlines—without indicating that an appraisal could be a suitable option. "Proving implied waiver requires a litigant to clear a high threshold by clearly demonstrating the other party's intent to relinquish a right." *Id.* at 299. The record facts, even construed most favorably to Wright, clear this threshold.

The district court did not abuse its discretion in denying Wright's motion to compel an appraisal and to abate the lawsuit.[4]

V

We next consider the Law Firm's challenge to the district court's order imposing sanctions after the failed inspection. On appeal, it argues that the district court erred because Federal Rule of Civil Procedure 37 is intended

_____

[4] In her fifth issue on appeal, Wright argues that the district court erred in affirming the denial of its motion to compel an appraisal and to abate the lawsuit because "the standard of review should have been *de novo*." For the reasons stated in Footnote 6, *infra*, this argument is foreclosed, and regardless, Wright fails to articulate how a different standard of review would entitle her to any relief.

to punish "intentional conduct, not [an] innocent mistake as is the case here."[5]

When a court imposes sanctions under Rule 37, we review for abuse of discretion. *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 311 (5th Cir. 2024) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)).

ASI's first motion for sanctions—and the district court's corresponding order—is based on Rule 37(d). FED. R. CIV. P. 37. This subsection permits sanctions when "a party, after being properly served with . . . a request for inspection . . . fails to serve its answers, objections, or written response." *Id.* Rule 37(d) allows the district court broad discretion in fashioning additional remedies but requires that it order "the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure." *Id.* The court must impose these sanctions "unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

---

[5] The Law Firm appears to make two additional arguments in the opening brief. First, it argues that the magistrate judge "based his ruling on an erroneous view of the law" because he stated during the hearing that Rule 37 requires an award of attorney's fees. This is a correct recitation of the law; Rule 37(d)(3) states that "the court *must require* the party failing to act, the attorney advising that party, or both to pay the reasonable expenses." FED. R. CIV. P. 37 (emphasis added). The Law Firm also appears to argue that, while the district court could have imposed sanctions using its inherent power, these sanctions would also have been inappropriate because her actions were "not done in bad faith." We need not consider this argument because ASI only requested (and the district court only granted) sanctions under Rule 37.

23-40719
c/w No. 24-40020

The district court did not abuse its discretion in ordering the Law Firm to pay the reasonable expenses and costs ASI incurred because of the failed inspection. Rule 37(d) is not intended to punish only intentional conduct. It also punishes a party's "failure to serve its answers, objections, or written response," FED. R. CIV. P. 37(d), regardless of whether the failure was an innocent mistake.

Wright has not shown that the failed inspection was "substantially justified" such that awarding expenses would be "unjust." *See id.* The failure to bring the key on August 22 "resulted in a complete waste of time, effort, and money." As the magistrate judge noted, this was also the "second time that [ASI] had tried to inspect the Property without success" because Wright failed to appear for an inspection in 2021. "[I]t would be patently unfair to force [ASI] to shoulder the financial burden that resulted entirely from Wright's counsel's failure to make the Property available for inspection at the agreed upon date and time." Notably, the magistrate judge ultimately reduced the amount of fees ASI originally requested.

The district court did not abuse its discretion in awarding ASI reasonable expenses.[6]

## VI

ASI challenges the denial of its second motion for sanctions. We review a court's ruling on a motion for sanctions for abuse of discretion.

---

[6] In the third issue, the Law Firm asserts that the district court erred in affirming the magistrate judge's first sanctions order because "the standard of review should have been *de novo*." The clear error standard of review, according to the Law Firm, is too deferential and it improperly permits magistrate judges to act as Article III judges and render final judgments. The Law Firm correctly notes that this argument is foreclosed by statutes and case law, and it also fails to articulate how a different standard of review would entitle it to any relief.

14

*Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014). "It is well-settled that, to conduct our review, we must be able to understand the district court's disposition of the sanctions motion." *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 484 (5th Cir. 2002).

Here, the district court denied ASI's motion for sanctions but offered no explanation for its decision. "Where a district court fails to explain its decision . . . [,] we do not know whether the decision was in the bounds of its discretion or was based on an erroneous theory." *Schwarz v. Folloder*, 767 F.2d 125, 133 (5th Cir. 1985). While "we do not relish prolonging secondary litigation," we cannot review this issue on appeal without guidance from "the perspective of the judge best positioned to expound on these matters." *Copeland*, 278 F.3d at 485.

We therefore vacate the judgment and remand for findings with respect to ASI's motion for sanctions, including an explanation of the district court's reasoning. "In doing so, we leave to the sound discretion of the district court the determination of what further proceedings, if any, may be necessary or desirable." *Id.*

VII

ASI also argues that, because it was the prevailing party, the district court should have awarded it costs under Federal Rule of Civil Procedure 54. Wright did not address this argument.

Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54. The rule creates "a strong presumption" in favor of awarding costs to a prevailing party, and "a district court may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (alteration

in original) (quoting *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)). This court has held that "the prevailing party is prima facie entitled to costs," describing the denial of costs as being "in the nature of a penalty." *Schwarz*, 767 F.2d at 131 (quoting *Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)).

The district court dismissed all of Wright's claims with prejudice, but the final judgment did not award costs. ASI's bill of costs is currently pending in the district court, however. On remand, we instruct the district court to determine whether ASI is entitled to an award of costs, and if so, the amount of costs it is entitled to recover.

## VIII

The district court's judgment is AFFIRMED as to: (a) Wright's breach of contract and extra-contractual claims; (b) the imposition of reasonable costs as sanctions for the failed inspection under Federal Rule of Civil Procedure 37; and (c) the denial of Wright's motion to compel an appraisal and to abate the lawsuit.

The district court's judgment as to ASI's motion for sanctions is VACATED and REMANDED for an explanation of the district court's reasoning. On remand, we also instruct the district court to determine whether ASI is entitled to an award of costs, and if so, the amount of costs it is entitled to recover.